## THE COMMISSIONERS OF WASHINGTON COUNTY *vs.* ISAAC NESBITT.

The 8th section of the 7th article of the constitution, providing that the powers and duties of the commissioners of the counties *"shall be uniform throughout the State,"* and the act of 1853, ch. 239, giving them charge and control *over the property owned by the county,* repeal the act of 1847, ch. 327, giving the charge of the court house of Washington county to the clerk of said county.

The 1st section of the act of 1853, ch. 239, confers upon the county commissioners power to appoint *"all other officers, agents and servants required for county purposes,"* in *addition* to those whose existence was provided for either by the constitution or by act of Assembly.

APPEAL from the Circuit Court for Washington County.

This was an appeal from the refusal of the court below to grant a writ of *mandamus*, commanding the appellee to surrender to John Cramer, who was appointed by the appellants keeper of the court house of Washington county, the keys of said court house. The facts of the case are fully stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., TUCK and MASON, J.

*Richard H. Alvey* for the appellants, argued.

1st. That the keeping and preserving the court house and grounds, as authorised and directed by the act of 1847, ch. 327, were not duties appertaining in any way to the office of clerk of the county court of Washington county, but were limited to and vested in the person who might happen to be clerk of the county court for the time being, in his individual and private character, and not in his official character as clerk, and for any default or abuse in the execution of the office of keeper of the court house under the said act, the said clerk's official bond as clerk of the county court, would not have been responsible; but the individual answering the description of clerk of Washington county court, would have been responsible in his private, unofficial character. And, as a consequence, when the description of the person designated in the act cannot any longer be answered, or when there is no longer any clerk of Washington county court to answer such description of person, as the act requires, the act itself becomes a nullity, and is altogether abrogated.

2nd. But, even to concede that the powers conferred by the act of 1847, were of such a nature as would not have expired and become annulled upon the abolition of the old constitution, and with it the office of clerk of the county courts, independent of some special provision of the new constitution, and subsequent legislation thereunder, yet the special act is abrogated and made null by the 8th section of the 7th article of the new constitution, and the act of 1853, ch. 239, which contain provisions altogether inconsistent with the provisions of the act of 1847, and that act is therefore repealed. This section of the constitution provides, that the county commissioners shall exercise such powers and duties as the legislature may prescribe, but such powers and duties *shall be uniform throughout the State.* And the act of 1853, says, "they shall have charge of and control over the property owned by the county." The court house is the public property of the county, and comes directly within the provision of this act.

*J. Dixon Roman* for the appellee.

The act of 1847, was passed expressly to give the clerk *ex officio* the duty of taking care of the court house, just as the act relating to stamps imposes an additional duty upon the clerks of the several county courts. It is said the clerk's bond would not be responsible for neglect of this duty and this is made the test. But this argument is a *petitio principii*, for you must first decide whether his bond would be responsible before you can determine anything from it. If then the act of 1847, makes it the duty of the clerk *ex officio* to take care of the court house, we rely upon the 16th section of the 4th article of the constitution, as conferring the same duty upon the clerk of the circuit court. The act of 1853, does not give to the county commissioners the power to appoint this officer. It says, they "shall have power to appoint judges of elections, collectors of taxes, trustees of the poor, a clerk to their board, and all other officers, agents and servants, required for county purposes, *not otherwise provided for by law*, or by the constitution." The appointment of this particular officer was *otherwise provided for* by the law of 1847, and he is not therefore affected by the act of 1853.

Le Grand, C. J., delivered the opinion of this court.

This is an appeal from the refusal of the circuit court for Washington county, to grant a writ of *mandamus*, commanding the appellee to surrender to one John Cramer the keys of the court house. The petition of the appellants sets out, that the said Cramer had been appointed by them keeper of the court house. The appellee claims the right to have in charge the building, under the provisions of the act of 1847, ch. 327. The first section of this act provides, "That from and after the passage of this act, the court house of Washington county and the grounds attached thereto, shall be under the charge and keeping of the clerk of Washington county court, who shall and is hereby invested with full powers to keep the same

Commissioners of Washington County *vs.* Nesbitt.

in repair, to obtain such furniture as may be necessary for the convenience of the court, jurors and bar of said court."

The appellee is now clerk to the *circuit* court for Washington county, and was, when he assumed the duties under the act of 1847, ch. 327, the clerk of Washington *county* court.

By the first section of the act of 1853, ch. 239, the commissioners of the several counties are declared to "*have charge of and control over the property owned by the county, and over county roads and bridges.*"

It is contended, that this section is a repeal of the act of 1847, in so far as the question now before us is involved, and in this opinion we concur. By the 8th section of the 7th article of the constitution it is provided, that the powers and duties of the commissioners of the counties, "*shall be uniform throughout the State.*" The act of 1847, only applied to Washington county, and did not assume to prescribe an *uniform* rule for the whole State, and the question is, whether or not the act of 1847, is not repealed by the constitution and the act of 1853, ch. 239? The constitution, by the 16th section of the 4th article, devolves on the clerks of the circuit courts all the powers appertaining to the office of the clerks of the county courts, "*until otherwise provided by law.*" Although, therefore, under the act of 1847, the clerk of the county court for Washington county, was made the keeper of the court house, and, although this power was continued to him under the constitution, yet it was withdrawn by the passage of the act of 1853, which was nothing more than a legislative exercise of the power expressly conferred by the 16th section of the 4th article, to otherwise provide by law.

But it is said, that the first section of the act of 1853, ch. 239, does not alter the mode of appointment prescribed by the act of 1847, because it only authorises the appointment of the officers mentioned in the act, and such as are not "*otherwise provided for by law.*" Now we interpret these words as intended to confer upon the commissioners a power to appoint "all other officers, agents and servants, required for county purposes," in addition to those whose existence

was provided for either by the constitution or by act of Assembly. In other words, it was intended to confide to the judgment and discretion of the commissioners of the several counties, the creation of such appointments as might be deemed necessary *"for county purposes."* The correctness of this construction is made manifest, when reference is had to the concluding words of the section, which declare the commissioners *"shall have charge of and control over the property owned by the county."* It is impossible for the commissioners to have *charge* of and *control* over the property of the county, if such charge and control be preserved to the clerk under the act of 1847. To ask the question is to resolve it against the continuation of the act of 1847.

*Judgment reversed and procedendo awarded.*