THE STATE OF MARYLAND, *ex relatione,* William Webster, and others, *v.* THE COUNTY COM-MISSIONERS OF BALTIMORE COUNTY.

*Decided December 15th, 1868.*

ROAD SUPERVISORS ; ELECTION ; BALTIMORE COUNTY. CONSTI-TUTIONAL LAW ; GENERAL, SPECIAL AND LOCAL LAWS ; STATUTES PARTLY VOID ; PROVISIONS DIRECTORY MERELY. MANDAMUS.

The Act of 1868, ch. 411, relating to roads in Baltimore County, is not a special law in any sense of the term, but a public local law, as distinguished from a public general law, and is not in conflict with section 33 of Article 3, of the Constitution of the State.  (*a*)     p. 519

Special Laws as contemplated by the Constitution, are those that provide for individual cases.  (*aa*)     p. 520

To make a statute a public law of general obligation, it is not necessary that it should be equally applicable to all parts of the State; all that is required is, that it shall apply to all persons within the territorial limits described in the Act.  (*b*)     p. 520

Where the General Public Law of the State and the Public Local

---

(*a*)  Cited in *County Commissioners of Dorchester v. Meekins,* 50 Md. 39.

(*aa*)  Cf. *Daly v. Morgan,* 69 Md. 460.

(*b*)  As to general and special laws, see *Lankford v. County Commissioners of Somerset County,* 73 Md. 117; *Higgins v. State,* 64 Md. 421; *Gans v. Carter,* 77 Md. 1; *Reed v. Trust Co.,* 72 Md. 534; *Scharf v. Tasker,* 73 Md. 378; *Revell v. Annapolis,* 81 Md. 13; *Hamilton v. Carroll,* 82 Md. 337; Constitution, Art. 3, sec. 33.

Law of any county or city are in conflict, the Public Local Law is to prevail. (c)                                                                    pp. 520-521

Where a statute is in some parts not within the competency of legislative power, or is repugnant to some constitutional provision, such part will be adjudged void, while the other·parts, not obnoxious to the same objection, will be held valid, and have the force of law. (d)

p. 521

In the construction of statutes, they are in regard to time, to be regarded as directory merely, unless from the nature of the act to be performed, or the language employed in the statute, it plainly appears that the designation of time was intended as a limitation of power. (e)

p. 522

The Act of 1868, ch. 411, provided that "the County Commissioners of Baltimore County, *within twenty days after the passage of the Act*, shall order an election in each of said primary road districts, having first **517** *given two weeks' notice, etc., for five supervisors of roads and bridges, to hold their office for five years, and be re-eligible." *Held:*

That the designation of the time within which the election should be ordered, is simply directory, and a failure to order it within the time so specified, does not render the Act inoperative and void; and a *mandamus* may issue to compel the Commissioners to order the election (f)

p. 523

Appeal from the Circuit Court of Baltimore County.

The cause was argued before Bartol, C. J., Brent, Grason, Miller and Alvey, JJ.

*Henry P. Brooks* and *Levin Gale,* for the appellant:

The Act of 1868, ch. 411, is constitutional. Constitution of 1851, Art. 7, sec. 8; Constitution of 1864, Art. 3, sec. 32; Constitution of 1867, Art. 3, sec. 33; Code of Pub. Gen. Laws,

---

(c)   Cf. also *State v. Falkenham,* 73 Md. 467.

(d)   Statutes may be void in part and good in part; and if the part that is good, is entirely distinct and severable from that which is void, the courts will uphold and enforce the former as if passed disconnected from the latter; *Berry v. Balt. & Drum Point R. R. Co.,* 41 Md. 465.   See also *Strauss v. Heiss,* 48 Md. 293.

(e)   Cited in *Baltimore v. Stoll,* 52 Md. 440; *Cox v. Bryan,* 81 Md. 290; *Sterling v. McMaster,* 82 Md. 167; *State v. Horner,* 34 Md. 574.   See also *Kerr v. State,* 3 H. & J. 435, note (a); *McPherson v. Leonard, ante,* p. 377, note (a).

(f)   Private persons may move for a *mandamus,* to enforce a public duty, not due to the government as such, without the intervention of a government law officer; *Pumphrey v. Balto.,* 47 Md. 154.

Art. 1, sec. 11; Smith on Stat. Construction, secs. 797, 802-3-5-8; Sedgwick on Stat. Con. 32, 33, 34; *Pierce v. Kimball,* 9 Greenl. 54; 5 Mass. 268.

If any of the sections of the Act are inconsistent with the provisions of the Constitution, the whole Act is not thereby destroyed, but remains in force and effect as to its main design. *Regents v. Williams,* 9 G. & J. 389; *Davis v. State,* 7 Md. 160.

The refusal of the commissioners to obey the law within the time named in it for the holding of the election to carry out the provisions of the law, does not deprive the court of its power and jurisdiction to compel them to perform their duties. Tapping on Mandamus, 10, 11, 63-67-106-184-339-340; *King v. Justices of Derbyshire,* 4 East, 142; *Milburn v. State,* 1 Md. 17, 18; *Young v. State,* 7 G. & J. 264; *U. S. v. Speake,* 9 Cranch, 28; *U. S. v. Kirkpatrick,* 9 Wheat. 720; *U. S. v. Vanzandt,* 11 Wheat. 184; *People v. Supervisors of Chenango,* 4 Seldon, 330; *People v. Comm's of Excise,* 7 Abbott's Pr. 36; *People v. Allen,* 6 Wend. 486.

*\*R. R. Boarman* and *Fielder C. Slingluff,* for the ap- **518** pellees:

The Act of 1868, ch. 411, is unconstitutional.    Constitution 1867, Art. 3, secs. 33, 40.

The powers of the County Commissioners, under Art. 28 of the Code of Pub. Gen. Laws, are general and uniform; but the objects of those powers, and the manner of treating and effecting those objects, may be the subject of different legislation for the different counties; this is, the manner of enforcing those powers may be the subject of local and special laws; and, hence, while under sec. 33, Art. 3, of the Constitution of 1867, these general powers of the County Commissioners cannot be disturbed, yet local legislation may regulate the objects of those powers. *Comm's Pub. Schools v. Comm's of Alleghany Co.* 20 Md. 450; Moses on Mandamus, Title, " County Commissioners."

Again.    Sec. 157, sub-sec. 2, ch. 411 of the Act of 1868, conflicts with sec. 40, Art. 3, of the Constitution of 1867.   This sub-section two constitutes a material part of the law, and the court, in granting the *mandamus,* must suppose that all the

essential provisions of the law of which it compels compliance, will be carried ont. Hence, as this sub-section two is an essential part of the whole law, and is unconstitutional, the court will not grant a *mandamus* to carry into effect a law, where, if granted, it would be nugatory. Tapping on Mandamus, 67; *Comm's Pub. Schools v. Comm's Alleghany Co.* 20 Md. 450; *Booze v. Humbird,* 27 Md. 1.

The powers of the appellees, under ch. 411, Act of 1868, is a specially delegated power, and must be strictly construed; and the time for putting into effect the law having passed, the appellees have no power to order an election as therein prescribed. *Ellicott v. Levy Court,* 1 H. & J. 360; *Kerr v. State,* 3 H. & J. 564; *State v. Merryman, 7* H. & J. 564; *Comm's of Pub. Schools v. Comm's of Alleghany Co.* 20 Md. 450.

**519**    *Alvey, J., delivered the opinion of the court.

This is an appeal from an order of the Circuit Court for Baltimore County, refusing the writ of *mandamus,* and dismissing the application therefor.

The application was made to obtain the writ to be directed to the County Commissioners of Baltimore County, directing and commanding them to take the necessary steps to give effect to and put in force the Act of the General Assembly, passed at the January Session, 1868, ch. 411, in relation to the public roads of that County.

To this application the Commissioners filed their answer, and interposed as objections:

1st. That the Act sought to be enforced was unconstitutional and void, and consequently, imposed no duties upon them that they were bound to perform, and,

2nd. That if the Act was constitutional, the time had elapsed within which they were required to act under it, before the application for the writ of *mandamus,* and therefore the law had become inoperative, and of no effect.

1. We gather from the argument that the Act in question is supposed to be unconstitutional, because it conflicts with secs. 33 and 40 of Art. 3, of the Constitution of the State.

It is contended that the Act is *a special law* within the contemplation of sec. 33, of Art. 3, of the Constitution, and because

provision had been made by an existing general law, for juris-diction and control over county roads and bridges, it falls within the constitutional prohibition, and is therefore a nullity.

The great error of the argument, however, is in regarding this Act of 1868 as a special law. It is not a special law in any sense of the term, but is a Public Local Law, as distin-guished from a Public General Law; and belongs to the same classification of statutes as those sections of Art. 3 of the Code of Public Local Laws, repealed by it. And if the sections of the Public Local Laws, thus repealed, were constitutional and operative since the adoption of the Constitution, *it is **520** difficult to perceive why this Act of January Session, 1868, sub-stituted therefor, is not equally constitutional and effective. The section of the Constitution referred to by its first clause, inhibits the passage of local or special laws in certain enu-merated cases; and in the next sentence also imposes an in-hibition to the passage of *special* laws for any case for which provision has been made by an existing general law. The special laws here referred to constitute a class altogether differ-ent from the Public Local Laws to which the Act of January Session, 1868, belongs. The special laws contemplated by the Constitution, are those that provide for individual cases. Local laws of the class to which the Act under consideration belongs, on the other hand, are applicable to all persons, and are dis-tinguished from Public General Laws, only in this that they are confined in their operation to certain prescribed or defined territorial limits, and the violation of them must, in the nature of things, be local. It is not, therefore, by any means, neces-sary, in order to give a Statute the attributes of a public law, that it should be equally applicable to all parts of the State. All that is required to make it a public law of general obli-gation, is, that it shall apply to all persons within the territorial limits prescribed in the Act. That is the character of the Act before us, and of that large portion of the Statute law of our State, comprised in the codified division under the title of " Public Local Laws." It could never have been the purpose of the Constitution to prohibit this species of legislation, ex-cept in the specially enumerated cases. On the contrary, we suppose it to be not only competent for, but the duty of the Legislature to provide by law for the local and peculiar exi-

gencies of every portion of the State; and we know that the only practicable mode of doing this in many instances, is by local Acts. And with that view, the rule of interpretation as to the codified laws, is, that where the Public General Law of the State, and the Public Local Law of any County or City are **521** in conflict, the Public Local *Law is to prevail. The object of the provision of the Constitution relied on, was to prevent the abuses that occurred in the great multiplicity of legislation for particular and individual cases, and not to prevent legislation to meet the wants of communities less extensive in their territorial limits than the State.

It is contended, however, that sec. 156, and sub-sec. 2 of sec. 157, of this Act of 1868, are repugnant to the Constitution, because they provide a different mode for assessing compensation for private property that may be taken for public purposes, than is prescribed by *sec. 40 of Art. 3, of the Constitution,* before referred to; and that, therefore, the Act cannot be enforced and made effective.

Whether such portions of the Act be constitutional or not, we deem it wholly unnecessary to decide in this case. It will be time enough to examine and determine that question when it properly arises in the execution of the law. It may, indeed, never arise. But if it were conceded that these particular provisions of the Act were unconstitutional, it would not follow, necessarily, that the whole Act would therefore be void. The other provisions of the Act are capable of enforcement, independently of the sections supposed to be repugnant to the Constitution; and it is now too well settled to be brought into question, " that where a Statute has been passed by the Legislature, under all the forms and sanctions requisite to the making of laws, some part of which is not within the competency of legislative power, or is repugnant to any provision of the Constitution, such part thereof will be adjudged void and of no avail, whilst all other parts of the Act, not obnoxious to the same objection, will be held valid, and have the force of law. There is nothing inconsistent, therefore, in declaring one part of the same Statute valid, and another part void." *Fisher v. McGirr,* 1 Gray, 21; *Regents v. Williams,* 9 G. & J. 365.

2. The next question is, as to the time having expired within

which an election for District Supervisors was required to be ordered.

*By the Act, it is provided, that " the County Com- **522** missioners of Baltimore County, *within twenty days after the passage of this Act,* shall order an election in each of said primary road districts, having first given two weeks' notice, &c., for five supervisors of roads and bridges, to hold their office for five years, and be re-eligible." And upon this provision of the Act it has been gravely contended, that as the time within which the election was directed to be ordered by the commissioners has passed, they now have no power in the premises, and that therefore the whole object of the law must fail, and the Act itself become inoperative and void.

To this position of the appellees we cannot assent. That it should be in the power and election of subordinate ministerial or executive officers, by refusing to obey the law, to defeat and nullify it, is a proposition too startling to be favorably entertained in a court of justice. And to prevent such a result being effected, where the duty prescribed is of a public nature, and intended for the public benefit, and is directed to be performed within a specified time, courts have adopted as a general rule in the construction of Statutes, that they are, in respect to the time, to be regarded *as directory* merely, unless, from the nature of the act to be performed, or the language employed in the Statute, it plainly appears that the designation of time was intended as a limitation of power of the officer. *People v. Allen,* 6 Wend. 486. " There is," said Lord Mansfield, in *Rex v. Loxdale,* 1 Burr. 447, " a known distinction between circumstances which are of the essence of a thing required to be done by an Act of Parliament, and clauses merely *directory.* The precise time in many cases is not of the essence." And there are many cases observing the same distinction.

In *Pond v. Negus,* 3 Mass. 230, where a Statute required the assessors to assess a tax *within thirty days after the vote of the tax was certified to them,* it was held that the designation of the time for the assessment was to be considered as simply *directory* to the assessors, and not as a limitation of their *authority. And so in *Gale v. Mead,* 2 Denio, 160, **523** where a Statute required a tax to be assessed, and a proper

tax list to be made, with a warrant attached thereto, by trustees, *within thirty days after the district meeting* in which the tax should be voted, the Statute was held to be simply *directory* as to time.

In the case before us, it is not apparent, that the power to order the election might not as well be exercised after the lapse of twenty days from the passage of the Act, as within that time; the great object of the Act, in this respect, appearing to be to secure a speedy execution of the law rather than to impose a limitation upon the action of the commissioners.

The Act, in respect to this power, being merely *directory,* it was clearly no ground, as it has been repeatedly held, for refusing the application for the writ of *mandamus* to command the execution of the power, that the period of time designated in the Act had expired.   Indeed, no application could have been entertained until default committed by the defendants.   Tapp. on Mand. 290; *Queen v. Improvement Co.* 8 A. & E. 911.

In *Rex v. Justices of Derbyshire,* 4 East, 142, the magistrates, whose duty it was to appoint a surveyor of highways, upon proper lists returned to them, omitted to appoint such surveyor at their first special session after *Michaelmas* quarter sessions, *as directed* by the Stat. 13, Geo. III. c. 78, and they declined or neglected to make the appointment at the subsequent sessions.   Upon application for the writ of *mandamus* to command the appointment to be made, and the suggestion in the argument that the time had elapsed within which the power was directed to be exercised, Lord Ellenborough, C. J., said: " This part of the Act is only *directory* to the magistrates to make the appointment at the time mentioned; but there are no negative words to prevent them from exercising their office in that respect at any subsequent time, if it shall be necessary.   And common sense requires, that if the appointment be not made at the first special sessions, it should be made afterwards." And the rule for the writ was accordingly made absolute.

**524**   *That case would seem to be ample authority for the present application.   But it has been contended that a different rule has been established by cases decided in our own Court of Appeals; and *Ellicott v. Levy Court,* 1 H. & J. 360; *Kerr v. State,* 3 H. & J. 560; *State v. Merryman,* 7 H. & J. 79; and

*Com'rs of Public Schools v. Com'rs of A. Co.* 20 Md. 439, have been referred to as authorities upon the subject. We have examined those cases, and think they are not authorities to sustain the position for which they were cited. They are instances where the time prescribed was intended to be a limitation upon the power of the officers. That, as we have said, is not the case here.

We must, therefore,'reverse the order appealed from, and award a *procedendo,* that the court below may proceed further in the premises, and order the writ according to the prayer of the petition.

<div style="text-align:right">

*Order reversed and*
*procedendo awarded.*