Ticer, &c. *vs.* Thomas.

*Appeal dismissed.*

(Decided 16th June, 1891.)

J. F. TICER, Officer of Registration of the Ninth Election District of Charles County, and J. SAMUEL TURNER, Clerk of the Circuit Court *vs.* JOHN B. THOMAS.

*Officer of Registration—Reinstatement of Voter whose Name has been Stricken off—Premature appeal.*

Under the Act of 1890, ch. 573, sec. 19, it is provided, among other things, that all persons whose names have been stricken from the list of voters, may appear on the third Monday of October before the officer of registration and be reinstated, if entitled, or the officer may himself reinstate their names if satisfied that he erroneously struck them off. By section 21, it is provided that any person aggrieved may appeal forthwith from the decision of the officer of registration to the Circuit Court. HELD:

That an appeal by a person whose name was stricken off, taken prior to the third Monday of October—the final day for revision —was prematurely taken, and the Circuit Court was without jurisdiction to hear it.

APPEAL from the Circuit Court for Charles County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, BRYAN, McSHERRY, and BRISCOE, J.

*F. M. Cox,* and *John Prentiss Poe,* for the appellants.

*A. Posey,* and *Frederick Stone,* for the appellee.

McSHERRY, J., delivered the opinion of the Court.

John B. Thomas, an unmarried man, and a resident of Charles County, worked as a laborer for different persons until the spring of 1889, when he went to the State of Ohio to work, and remained there until October following. He then returned to his brother's house in Charles County, and remained until May, 1890, when he again left and went to Germantown Junction, to work on a railroad, but he returned to his brother's on October eleventh, 1890. He did not make the affidavit prescribed by *sec.* 14, *Act* 1890, *ch.* 573. During the October sitting of the officer of registration, the name of the appellee was stricken from the list of qualified voters, and on October sixteenth, Thomas filed a petition praying an appeal to the Circuit Court for Charles County. On the same day a motion was made to dismiss the appeal on the ground that it had been prematurely taken. This motion was overruled, the case was heard, and the Court on the following day ordered the reinstatement of the appellee's name. The officer of registration thereupon appealed to this Court and the record is now before us. There are four bills of exception in the record.

The first and most important question is this: Was the appeal to the Circuit Court from the officer of registration prematurely taken? Thomas had been registered and had voted in Charles County before the adoption of the amendments to the registration law in 1890. Under *sec.* 9 of the *Act of* 1890, *ch.* 573, the officers of registration for the several counties are required to sit for three successive days in September, beginning on the third Monday, and for four successive days in October, beginning on the first Monday, and finally on the third Monday of the same month. This last sitting is expressly

Ticer, &c. *vs*. Thomas.

declared by the same section to be for "revision and for the hearing of applications for reinstatement by persons whose names shall have been stricken off." On the first and second days of the September sittings the officers of registration are directed by *sec.* 19 to go over the lists carefully and "note for striking * * * * * * the names of all persons, whom from their own information" they have "reason to believe to be proper to be stricken off." They are then required to send duplicate notices to such persons, one by mail and the other by the sheriff, warning them to appear during the October sittings, and show cause why their names should not be stricken from the registries. If no cause, or an insufficient cause, be shown on Monday, Tuesday, Wednesday or Thursday of the October sitting, it becomes their duty on *Friday* (which is in fact the *fifth* day of the October sitting, though the *9th sec.* names only *four*) to strike off the names of the persons so noted for striking and so notified. The officers are then required to send out to the persons whose names have been so stricken off another notice informing them that their names have been stricken off. On the third Monday of October, all persons whose names have been stricken off under the proceedings just indicated. may appear before the officer of registration and be reinstated, if entitled, or the officer may himself reinstate their names if satisfied that he erroneously struck them off. His action in such cases is not necessarily final until the close of the sitting on the third Monday of October. By *sec.* 21, provision is made for an appeal from the officer of registration to the Circuit Court, and after enumerating the various causes for which an appeal will lie, it declares that the person aggrieved "shall have the right to appeal *forthwith* from such decision or action to the Judges or Judge of the Circuit Court * * * * * by petition verified by his oath or affirmation, *within one week* after the *final* day of the October sitting for revision." In the case at bar the

name of Thomas was stricken off during the October sittings of 1890, which began on Monday the sixth and ended on Friday the tenth, whilst Thomas was actually out of the State. The final day for revision fell on October twentieth, but the appeal was taken and heard on the sixteenth, four days before the officer of registration had an opportunity to revise his own action and to reinstate the name of the appellee, if he was really entitled to have his name reinstated. Now, whilst the clause providing for an appeal authorizes the appeal to be taken *forthwith*, it must, in ordinary fairness to the officer of registration, have meant forthwith upon a *final* decision or action, and within one week after the last sitting in October. There are some decisions and actions of the officers of registration which are at once final, and from which an appeal may be taken immediately. But in the single instance of his striking off a name after notice, his action cannot be regarded as final so long as the law leaves it open to him to reinstate the name on the third Monday of October. After the latter date what he did before becomes final as far as he is concerned, for it is then no longer within his power to do any other act or render any other decision respecting it. If an appeal could be prosecuted before the expiration of the final day in such a case as this, it might well happen that the Court in restoring the name of the voter merely anticipated the action of the officer of registration; and the latter might be subjected to the penalty of costs imposed by the Court at a hearing had some days earlier than the officer himself could have reviewed his own ruling, with possibly the same result as to the reinstatement of the voter's name. As we read the statute, the term *forthwith* means immediately upon a *final* decision being given by the officer of registration. In all cases, therefore, where his decision or action is final in the sense that he has, under the statute, no authority to revise or review it himself, an appeal may be

taken at once; but in a case where, after notice, a name—except that of a dead man—has been stricken off, the right to appeal can only be exercised after the third Monday of October. In that view of the Act the appeal was prematurely taken, and the motion in the Circuit Court to dismiss it ought to have prevailed. The case was not properly before the Circuit Court, and it was without jurisdiction to hear it. The other rulings made by the Circuit Court in the case are consequently not really before us for review.

As the Court below was without authority to act by reason of the appeal not being properly before it, its order and judgment will be reversed.

*Judgment reversed.*

(Decided 16th June, 1891.)