FRANCIS M. COX *vs.* ALEX. M. BRYAN, OFFICER OF REGISTRATION, ETC., ET AL.

*Appeal from Officer of Registration—Agreement of Counsel as to Time of Taking Appeal.*

The jurisdiction of a Court to entertain appeals from the action of officers of registration of voters is special and limited and distinct from its general authority; and when a statute prescribes the time within which an appeal may be taken from the action of such an officer, neither an agreement of counsel nor an order of Court can confer jurisdiction to entertain an appeal taken after the time fixed by statute.

The Act of 1892, ch. 573, provides that a party aggrieved by the action of an officer of registration shall have the right to appeal forthwith from such action to the Circuit Court within one week after the final day of the October sitting of the registration officers. The appellant's name was struck from the list of voters in a certain precinct in the year 1894, when the day of such final sitting was October 15. On October 26, the State's Attorney agreed that no advantage should be taken of the fact that the petition or appeal was not filed within one week from the last day of the sitting. On October 27, the Court below ordered that the petition be filed as of October 22, and it was actually filed October 30. *Held,* that the Court had no jurisdiction to entertain the appeal, and that the same should be dismissed.

Appeal from an order of the Circuit Court for Charles County (CRANE, J.), dismissing the petition of the appellant, asking the Court to order his name to be reinstated as a qualified voter upon the registries of voters of Charles County. The case is stated in the opinion of the Court.

The cause was submitted to the Court upon briefs by *F. M. Cox,* for the appellant, and *J. F. Matthews, State's Attorney for Charles County,* for the appellees.

PAGE, J., delivered the opinion of the Court.

The appeal to the Court below was not filed within one week from the last day of the sitting of the registration

officer. His last sitting in 1894, was on the 15th day of October, and the petition was not filed until the 26th of October. By section 21 of the Act of 1890, chap. 573, it is provided that the person aggrieved "shall have the right to appeal forthwith from such decision or action to the Judges or Judge of the Circuit Court * * by petition verified by his oath or affirmation within one week after the final day of the October sitting for revision"

It appears that the State's Attorney agreed that no advantage should be taken of the delay, and the petition might be filed *nunc pro tunc*, and that thereupon the Judge, on the 27th of October, ordered that the petition be filed as of the 22nd of October, 1894, in accordance with the agreement. But neither the agreement of counsel nor the order of Court can confer jurisdiction in a case where the law does not authorize the Court to take cognizance of the matter. This is a proceeding under a statute, and to give the Court jurisdiction, the requirements of the Act must be strictly complied with. *Shelby* v. *Bacon*, 10 Howard (U. S.) 56; *Ticer* v. *Thomas*, 74 Md. 345.

The case was therefore not properly before the Circuit Court, and its rulings consequently cannot be reviewed by this Court. The appeal will therefore be dismissed.

*Appeal dismissed.*

(Decided February 28th, 1895.)

A motion for a re-argument was subsequently made, and in disposing of this motion,

PAGE, J., delivered the opinion of the Court.

The appellant, in support of his motion for a re-argument, assigns as his first reason, that the judgment of this Court was based "upon a point not raised in the pleadings below, the exceptions taken, or the briefs of argument submitted by either of the parties to the cause, but solely by an inspection by the Court of certain endorsements upon the petition set forth in the record; whereas, by an inspec-

tion of the docket entries in the case, it appears that *one petition* and affidavit was filed in the Court below on the 20th day of October, 1894, which was within one week after the 15th day of October, 1894, the final day of the October sitting of the officer of registration." It is true, the words, "Filed Oct. 20th, 1894," do appear among the docket entries, but they cannot be held to designate the time of the filing of the petition, which forms the basis of the appellant's complaint. The record clearly shows, that on the 26th October, 1894, the State's Attorney agreed that no advantage should be taken "of the *fact*, that the aforegoing petition" (that is the appellant's), "was not filed within one week from the last day of the sitting of the registration officer." On the 27th October the Judge ordered that the petition be filed as of the 22nd October, and on the 30th October it was actually filed. If "one petition" was actually filed on the 20th October, as the appellant seems to desire us to determine, it is not in the record, forms no part of this proceeding, and this Court can take no notice of it whatever. We are unable to determine upon what ground the action of the learned Judge below was based. The record only discloses the fact that the petition was "dismissed;" whether because the appeal was not in time, or for other reasons, it does not appear. Certain it is, that one B. F. Dement, who appears to have been summoned, moved to dismiss because the appeal was not taken in time. The State's Attorney and the petitioner entered objection to the leave granted by the Court to Dement, to file this motion, but this was overruled; and thereupon the petition was dismissed. So that, whether the Court committed an error in permitting Dement to file his motion or not, it appears the point was raised below, and for all that the record shows might have formed the sole reason which induced the learned Judge to dismiss the petition. However this may be, we do not think it was necessary in order to maintain the judgment in this Court, to determine whether the point was raised below or by

counsel in argument here.  The jurisdiction of the Judge
to entertain appeals from the officer of registration, is special
and limited, and distinct from and not embraced by his
general authority ; and where such jurisdiction is conferred
by Act of Assembly on any tribunal, its power to act, as it
has done, must appear upon the face of the proceedings.
If these proceedings are brought to this Court for review,
it must appear that everything has been done, "which the
law required as the basis of the authority that has been
exercised ;" and to such an inquiry the ninth section of
Article 15 of the Code has no application.  *Boarman* v.
*Patterson,* 1 Gill, 381 ;  *Coward, Garn.* v. *Dillinger & Steven-
son,* 56 Md. 61.

2.  The appellant, in his motion, strenuously insists that
the time prescribed in the Act of 1890 for appealing from
the register is directory and not mandatory, and not being
jurisdictional can be waived.  We have examined all the
authorities to which we have been referred.   They announce
a principle often maintained by this Court, and one which
we do not in this case in any wise mean to impugn.   It
was clearly stated in the case of the *State, &c.,* v. *The Co.
Coms. of Balto. County,* 29 Md. 522, in these words, that
"where the duty prescribed is of a public nature, and in-
tended for the public benefit, and is directed to be performed
within a specified time, Courts have adopted as a general
rule of construction of statutes that they are in respect to
time, to be regarded as directory merely, unless from the
nature of the act to be performed, or the language employed
in the statute, it plainly appears that the designation of time
was intended as a limitation of power."   Now we are of the
opinion that both from the nature of the Act to be per-
formed, and from the language of the 21st section of ch.
573 of the Acts of 1890, the time prescribed within which
appeals from the register must be taken, is a limitation upon
the right of the party appealing, and upon the Judge to
whom the appeal is taken.   The registration laws passed in
pursuance of the fifth section of Article 1 of the Constitu-

tion of the State, have a far wider scope than simply to conserve private rights. They are of the "utmost importance to all the citizens of the State. One of the great objects sought to be attained, as well by the framers of the Constitution as by the Legislature, manifestly was the securing of fair and honest elections by means of a system of registration of voters." This statute must "then be construed by the Courts in the light of this manifest legislative intention, and all its directions to, and requirements of, the officers who are to execute it must be regarded as important, and as having this object in view." *Mincher* v. *State*, 66 Md. 227. In order to secure this object, the Legislature, by this twenty first section, has thrown wide open the right to appeal from the action of the register. Not only is it given to the person applying for registration, but to "any person who thinks himself aggrieved; " that is, to any person who thinks the register has acted improperly, and the applicant himself need not be made a party. But while by the terms of the Act, the right of appeal is thus made so extended, and in consequence likely to become a means of oppression and wrong in the hands of designing persons, whereby citizens could be deprived at particular elections of their right of franchise, the Legislature has carefully and wisely expressed the terms upon which the appeal may be taken. It must be, after the final day of the October sitting, *Ticer* v. *Thomas*, 74 Md. 345, and within one week thereafter. The clause is not thrown in "parenthetically," but is in the very paragraph and sentence by which the right is conferred, and forms one of the terms upon which it may be exercised. It is not a modal regulation, as was the case in *Ayres* v. *Watson*, 113 U. S. 594, but is so interwoven with the authority granted, as to form in itself a part of it. It was intended for the protection of the public, as well as of the rights of the individual citizen, and such requisitions are always construed to be mandatory. *French* v. *Edwards*, 13 Wall, 511 ; *Lyon* v. *Alley*, 130 U. S. 177-185. In *Plummer* v. *Wilson*, 73 Md. 474, it was held that "an

exception prepared and signed, with appeal taken long after the expiration of the five days, gives this Court no jurisdiction to hear and decide the case." There the words of the statute are, "all such appeals shall be taken within five days;" in this case the words are, "he shall have the right to appeal forthwith, &c., by petition, &c., within one week after the final day of the October sitting for revision." In *Sutherland case*, 74 Md. 326, no question as to time within which the appeal should be taken was raised in or considered by this Court. In *Ticer* v. *Thomas*, 74 Md. 345, it was held that an appeal taken prior to the final day for revision was premature, and the Circuit Court was without jurisdiction to hear it. In the opinion filed in that case are these words: "Now, whilst the clause providing for an appeal authorizes the appeal to be taken forthwith, it must in ordinary fairness to the officer of registration, have meant forthwith upon a final decision or action, and within one week after the last sitting in October."

There is no error in the form of the judgment of this Court. The Judge below dismissed the petition, and being of opinion he was correct in so doing, we affirm his judgment.

*Motion for rehearing overruled.*

(Decided April 25th, 1895.)