TOWN OF McGREGOR v. BAYLIES,

1. Constitutional law: McGREGOR CITY COURT. The act entitled "an act to establish a court at McGregor," approved March 18th, 1862, is inconsistent with section 30, article 3 of the Constitution, and is void.

    *Argu.* 1. —— CONSTRUCTION. In construing a constitution or statute, courts will inquire as to what was the constitution or law superseded by the one to be construed — the evils and defects for which it did not provide — the remedy adopted and the reason for it; — and will adopt that construction which will suppress the mischief and advance the remedy.

    2. —— ACT OF INCORPORATION. As the legislature cannot pass any special act for the incorporation of cities and towns, it is prohibited from passing any act having for its object the amendment of such an act.

    3. —— COURTS. An act creating a court should be a general law and of uniform operation.

2. —— DOUBTFUL CONSTRUCTION. When the constitutionality of an act of the General Assembly is doubtful merely, it will be sustained and enforced by the courts; but when the conflict is clear and palpable it will be declared null and void.

*Appeal from Clayton District Court.*

FRIDAY, JUNE 16.

THIS action was brought in the "Court of McGregor" to recover a penalty for the violation of an ordinance of the "Town of McGregor." The defendant by his answer denied the existence of the court, and averred that the law creating it was unconstitutional. The plaintiffs demurred to this answer, which was sustained and judgment entered against defendant, from which he appeals. It is agreed by counsel that the record presents the sole question : Is the law creating the court of McGregor constitutional?

*Elijah Odell* for the appellant.

*J. T. Stoneman* for the appellee.

COLE, J.— The law, which it is claimed is unconstitu-
CONSTITU-
TIONAL
LAW:
McGregor
City Court. tional, was passed by the Ninth General Assembly, and approved March 18, 1862. It may be found in Session Laws of 1862, page 41, *et seq.*, and is entitled "An act to establish a court at McGregor," and has eleven sections. The first section establishes, "in the town of McGregor, a court, to be denominated the Court of McGregor, which court shall be a court of record and have a seal. The officers of said court shall be a judge and the marshal of the town of McGregor." It is required to hold its sessions "each month, in some place in said town to be provided by and at the expense of the town." The second section makes the judge's term four years, and that elective by the votes of the town, at the regular election. He must be a qualified elector of

the town and commissioned by the governor. The third section makes the judge his own clerk, and gives fees for his compensation; the fourth defines his powers and duties; the fifth, makes the jurisdiction the same as a District Court, and limits its extent to the town of McGregor; the sixth, provides for a jury; the seventh, for filling vacancies; the eighth, for bond; the ninth, for prosecuting attorney; the tenth, for the liens of the judgments, and the eleventh for the act taking effect after publication, "without expense to the State of Iowa."

Article 3, § 30, of the Constitution of Iowa, is as follows: "The General Assembly shall not pass local or special laws in the following cases: For the assessment and collection of taxes for State, county or road purposes; for laying out, opening and working roads or highways; for changing the names of persons; for the incorporation of cities and towns; for vacating roads, town plats, streets, alleys or public squares; for locating or changing county seats.

In all the cases above enumerated, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State." * * * *

The evils resulting from local and special legislation, which prompted this constitutional inhibition, were numerous, and are proper to be considered in determining the true construction of this clause of that instrument. Among these evils was the granting of exclusive privileges to certain persons to the prejudice of others; the inequality of the laws and want of uniformity in their operation resulting in confusion, and often in injustice; and, among others, the possibility of improper motives in legislators, who, to secure the passage of a law of supposed advantage to a part or all of their immediate constituency, might readily unite with others having like special schemes, and thus, by a system of combination which has been denominated "log

rolling," secure the passage of many laws, not only of doubtful propriety, but some of absolute prejudice to the best interests of the State.

In construing a constitution or statute, courts will always inquire as to what was the constitution or law before *Argu* 1. — making the one to be construed? what were construction. the evils or defects for which they did not provide? what remedy has been adopted, and the reason for it? And courts will give that construction which will suppress the mischief and advance the remedy. Sedg. on Stat. and Const. Law, 235, 236. Following these rules, and having in view the known evils the Constitution was made to remedy, let us examine as to the question made in this case.

The Constitution expressly forbids the passing of any special act " for the incorporation of cities or towns," and *Argu*. 2. — this would of course prohibit the passing of any act of incorporation. amendment to such act. The act in this case is not entitled " An act to amend the act incorporating the town of McGregor;" but it may be observed, that if such was its title the subject of it would be as fully and accurately expressed as by the title it bears.

But the Constitution, after enumerating certain prohibited subjects of local or special legislation, says : " In *Argu*. 3. — all the cases above enumerated, and in *all* courts. *other cases where a general law can be made applicable*, all laws shall be general and of uniform operation throughout the State," &c. This enumeration, then, of certain subjects, does not exclude from its operation other subjects not named, provided they are within that class where a general law can be made applicable.

Two inquiries then remain : 1st. Is this a local or special law? and, 2d. Can a general law be made applicable?

*First:* A special act is one which only operates upon particular persons and private concerns. 1 Blackst., 86,

Town of McGregor v. Baylies.

This is clearly not a special act within the legal meaning of that term.

The term "local act (or statute)" is one of modern origin, and has therefore no defined meaning in the common law, and yet there is no room for reasonable doubt as to its proper signification. Local, according to Webster, means "pertaining to a place, or to a fixed and limited portion of space;" according to Bouvier it means, "fixedness in a place, as local courts, or courts fixed in a particular place." (Bouvier's Law Dict.)

The act in question establishes a court in a particular place, to wit, McGregor, its jurisdiction is confined to the corporate limits of that town, and extends only to suits brought for violations of its ordinances, and in other cases to persons served and property found therein. The judge must be an elector of the town, and reside and hold his court in it. He is elective by its inhabitants. The marshal of McGregor is the officer of his court, and the prosecuting attorney is also to be elective by the voters of that municipality; and its judgments are liens *ex vi termini*, only upon property within its corporate limits. And, indeed, the act has every characteristic of a local statute, which it is possible to incorporate into any law. And a very satisfactory evidence that it was so regarded by the legislature, is found in the fact, that the act itself provides that it shall take effect by publication, "*provided such publication be without expense to the State.*" Showing thereby that the legislature regarded the act, not as a general law, the burdens of which ought to be borne by the people of the whole State; but as a local law, the expenses of which ought and should be paid by the people of the locality for which it was enacted. It is then beyond question a local law within the meaning of that term, as used in our Constitution.

*Second:* Can a general law be made applicable? Why not? The legislature has wisely provided, by general law,

for the exercise of every other corporate power by the towns and cities within the State, and has conferred judicial powers upon certain officers, to be exercised within such municipalities. The conferring of judicial functions upon town or city officers is not, therefore, an exception to, but is clearly within the provisions of statutes already passed by our legislature; whereby it has been practically demonstrated that a law granting the powers and duties, rights, privileges and benefit sought to be conferred by this act upon the town of McGregor is within those "cases where a general law can be made applicable."

It would not be difficult to show that a general law could be made applicable, even without the practical demonstration already afforded us by our legislature. But it is unnecessary to do so, since the judgment of every person of ordinary understanding, who has not, as well as the experience of those who have, drafted legislative acts, will unerringly teach that it can readily and easily be done. Certain judicial powers could be conferred upon cities of the "first class;" lesser powers upon those of the second class; and still less upon towns. So that the authority conferred would be equal to the wants of the respective municipalities.

How perfectly consistent with the Constitution, and how infinitely better such a general law than the endless variety of judicial powers, which would follow a course of local legislation like the act in question. The conferring of different jurisdictions upon the various cities and towns of the State, after the manner of the act under discussion, and in accordance with the peculiar wishes of each municipality, would bring upon the people of the State the very mischief the constitutional prohibition was designated to remedy.

Without stopping to quote at length the various decisions and reasonings of this and other courts, in support of the foregoing views, we content ourselves with simply

citing the following cases, which fully and abundantly sustain our conclusion in this case, that the act is unconstitutional. *Ex parte Pritz*, 9 Iowa, 30; *Davis & Bro.* v. *Woolnough*, 9 Id., 104; *Baker & Griffith* v. *Steamboat Milwaukie*, 14 Id., 215; *Thomas et al.* v. *Board Commissioners Clay County*, 5 Ind., 4; *The State* v. *Barbee*, 3 Id., 258.

Where the constitutionality of an act of the Legislature is doubtful merely, it is our duty to sustain and enforce it; 2.——doubtful construction. but where the conflict is clear and palpable, it is equally our duty to declare such act null and void, and to maintain inviolate the paramount fundamental law, which has received the more solemn approval of the people as the palladium of their rights.

Reversed.