*J. H. Brown* and *G. D. Wagner*, for appellant.

*J. Park* and *S. T. Miller*, for appellee.

---

# THE TOLEDO, LOGANSPORT AND BURLINGTON RAILWAY COMPANY v. NORDYKE.

**SPECIAL LAW.**—The definition of a special statute given in *Hingle* v. *The State*, 24 Ind. 28, approved.

**SAME.—RAILROADS.**—The provisions of the act of *March* 4, 1863, (Acts 1863, p. 25,) for the enforcement of judgments against railroad companies for stock killed, are not repugnant to sections 22 and 23 of article 4 of the constitution.

**JUSTICE'S CERTIFICATE.—REVENUE STAMP.**—The certificate of the justice to the transcript required by section 6 of the law referred to to be filed in the clerk's office, does not require a revenue stamp.

APPEAL from the *White* Common Pleas.

FRAZER, J.—In *Hingle* v. *The State*, 24 Ind. 28, we defined a special statute, in the sense of the 22d and 23d sections of article four of the constitution of the State, to be "such as at common law the courts would not notice, unless it were

pleaded and proved, like any other fact." The chief question before us now, is whether so much of the act of *March* 4, 1863, (Acts 1863, p. 25,) as provides for the enforcement of judgments rendered under the act, is in conflict with the sections of the constitution referred to. This question can only be determined in the negative, if we adhere to the doctrine of *Hingle* v. *The State.* That doctrine is not questioned in the argument, and inasmuch as the subject then received very close consideration, with the aid of a careful and exhaustive argument against the validity of the statute then under consideration, we do not now re-examine it.

In the present case, the proceeding was to enforce the judgment of a justice of the peace. There was no revenue stamp upon the justices certificate to his transcript. We think that none was required by the act of Congress. *Prather* v. *Pritchard,* 26 Ind. 65.

The judgment is affirmed, with costs.

*E. Walker, J. E. McDonald, A. L. Roache* and *D. Sheeks,* for appellant.