# SAMUEL YOUNGS *v.* W. H. HALL, Treasurer of Esmeralda County.

Esméralda County Redemption-Fund Acts not Unconstitutional. The statutes of 1867 and 1869, creating a fund and providing for the redemption in a certain manner of outstanding indebtedness of Esmeralda County (Stats. 1867, 76 ; 1869, 58), are not in violation of the constitutional provision (Art. IV., Sec. 20) against "special and local laws regulating county business," nor do they impair the obligation of contracts.

Laws "Regulating County Business." A statute prescribing the manner in which the payment of the indebtedness of a county shall be conducted is a law regulating county business.

Special Statutes as Opposed to Public or General. The words "public or general" on the one hand, and "private or special" on the other, as applied to statutes, are convertible terms ; so that the word "special" when used is as much the anitithesis of "public" as it is of "general."

A General Statute need not be Applicable to all Counties. A statute, to be general, must be operative alike upon all persons similarly situated ; but it need not be applicable to all the counties in the state.

Esmeralda County Redemption-Fund Acts General Statutes. The statutes providing for a redemption fund in Esmeralda County (Stats. 1867, 76 ; 1869, 58) are applicable to all persons sustaining the relation of creditors to Esmeralda county, and are therefore general as contradistinguished from special laws.

Construction of Constitution, Art. IV., Sec. 20—Giving Effect to Every Word. As in expounding a constitutional provision such construction should be employed as will prevent any clause, sentence or word from being superfluous, void or insignificant ; full and distinct meaning should be given to each of the words "local" and "special" in the constitutional provision against "local and special laws regulating county business."

Distinction Between Local and Special Statutes. A statute may be special and not local, or it may be local and not special.

Local Statute, What. A local law is one relating, belonging or confined to a particular place as distinguished from general, personal or transitory.

Esmeralda County Redemption-Fund Acts not Local Statutes. The statutes providing for a redemption fund in Esmeralda County (Stats. 1867, 76 ; 1869, 58) as they embrace all persons holding a certain species of property irrespective of locality, and operate as to such property as well without as within Esmeralda County, are not local laws.

Youngs *v.* Hall.

STATUTES CHANGING APPLICATION OF INCOMING REVENUE DO NOT IMPAIR OBLI-
GATION OF CONTRACTS. Where there were a number of warrants outstand-
ing against a county and payable out of its "general fund," and certain
new statutes were passed providing that the revenues to be collected, which
would otherwise have gone into such fund, should constitute a "redemp-
tion fund" for the payment of such warrants as should be offered at the
lowest price : *Held*, that, as the holders of such outstanding warrants
never had any security for payment except the good faith of the State, and
as the legislature had entire control over revenues to be raised, the statutes
in question did not impair the obligation of any contract.

LEGISLATIVE CONTROL OVER REVENUES TO BE RAISED. Though the legislature
cannot deprive a creditor of funds raised for the payment of his demands
and to which he has a vested right, it can designate purposes, other than
the payment of such creditors, to which the revenue thereafter to be raised
shall be applied.

This was an original application to the Supreme Court for
a peremptory writ of mandamus to compel the defendant to
pay four warrants for the aggregate sum of four hundred
dollars and upwards, drawn on the "general" and "redemp-
tion" funds of Esmeralda County in 1865, 1866, and 1867.
Petitioner set forth in his affidavit a presentation of said
warrants, demand for payment and refusal on January 2,
1873, and alleged that there was then money in the treasury
applicable to the payment thereof. Upon the filing of the
petition, the defendant was required to show cause on March
10, 1873, why a peremptory writ as prayed for should not be
awarded.

*Thomas Wells,* for Petitioner.

I. The only objection which can be urged against the
issuance of the peremptory writ as prayed for, is founded
upon the statutes of 1867, 76, and 1869, 58. These statutes,
so far as they bear upon the case, constitute one law, but
are unconstitutional and void; because they impair the obli-
gation of the contracts existing, when they were passed,
between the County of Esmeralda and the three holders of

the warrants of said county, including the plaintiff and the warrant set out in the petition herein.    The warrant here was a contract; a contract which bound the county to pay the $80 as soon as the warrant was presented, if then in funds; if not, thereafter in the order of its registration, when in funds, with interest from date of registration.    2 Kent's Com. 605; *Sturges* v. *Crowninshield*, 4 Wheaton, 197.    As, if the payor of a note fail to perform the obligation of his contract, the payee may compel him by suit and the legislature cannot interfere; so also, if a county fail to pay its warrant in the order of registration when in funds, the payee may compel it by mandamus, and the legislature cannot prevent it, save by a funding act.    9 Cal. 81 ;   16 Cal. 11 ;   6 Cal. 650; 28 Cal. 429; *Fletcher* v. *Peck*, 1 Nebraska, 373; 6 Cranch, 87; *Van Hoffman* v. *City of Quincy*, 4 Wallace, 535; *Green* v. *Biddle*, 8 Wheat. 84; *Bronsen* v. *Kinzie*, 1 How. 311; *McCracken* v. *Hayward*, 2 How. 608; *Ogden* v. *Saunders*, 12 Wheaton, 214; 3 Parsons on Contracts, 555; Bouvier's Law Dict. 652; Sedgwick on Stats. and Const. Law, 652; Story on Constitution, Sec. 1385, *et seq*.

II.    The acts in question are in contravention of the constitution, wherein it is provided that " the legislature shall not pass local or special laws   *   *   *   regulating county *   *   *   business." Art. IV., Sec. 20.    What is county business?    In general terms it may be said that levying, assessing and collecting county taxes, taking care of county funds and prosecuting criminals are component parts of county business, for the transaction of which compensations are legally made to the various officers of each county entrusted therewith.    It includes clearly the auditing and paying of county indebtedness.    And it is just as clear that the acts are both local and special; local in that they are confined to Esmeralda County in their operation; and special, in that they specially enjoin official duties upon the county commissioners, county auditor and county treasurer, in the

transaction of county business, not required by, but in dero-
gation of, the general laws of the State upon that subject.

III.    The acts are general, or else they are local or special,
or both.    If general, the courts must take judicial notice of
them and must, therefore, take judicial notice that a similar
emergency, in the judgment of the legislature, called for
similar, essentially the same, legislation, at different times,
for a majority of the organized counties of the State, to wit:
Lander, Storey, Ormsby, Lyon, Esmeralda, Humboldt, and
White Pine.    If the system of repudiation and injustice
adopted in these special acts is to be sanctioned and enforced
in any form, respect should be had to some extent at least
for the spirit and positive letter of the fundamental law, by
the passage of a general redemption and repudiation act,
cherishing bad faith and entailing gigantic prodigality in
the administration of county governments.

*R. S. Mesick*, for Defendant.

I.    The legislature has authorized the collection of the
county taxes of Esmeralda County ever since the year 1867
only upon the conditions specified in the acts of 1867 and
1869.    It has therein by precise and definite terms pro-
hibited the payment of the warrant in question by the
defendant in the manner demanded by the petitioner, or
otherwise than is specified in said acts; and such prohibition
was within the scope of legislative authority.    *Rose* v. *Estu-
dillo*, 39 Cal. 274; *McCauley* v. *Brooks*, 16 Cal. 34; *McDonald*
v. *Maddux*, 11 Cal. 187; *Hunsacker* v. *Borden*, 5 Cal. 288;
*McDonald* v. *Griswold*, 4 Cal. 352; *State* v. *St. Louis Co.
Court*, 34 Missouri, 546; *Sharpe* v. *Contra Costa Co.*, 34 Cal.
285.

II.    These acts are not obnoxious to section 20 of Article
IV. of the constitution, which forbids the passage of any
local or special law "regulating county and township busi-

ness," nor to sec. 21 of that article. Laws directing the mode and conditions under which creditors of a county may obtain money from the county treasury upon their claims, are not necessarily laws regulating county business. The acts in question may incidentally and in some vague sense affect county business; yet their effect in this direction is by no means as great or as direct as is the tendency of limitation laws in impairing the obligation of contracts, which are nevertheless held to be not in violation of the constitutional prohibition against the passage of laws impairing the obligation of contracts, because such is only their incidental effect and not their general or direct object and result.

III.   The purpose of the acts is liquidation of county indebtedness; and we are not at liberty to confound the term liquidation with the term "business." Liquidation and business seem to be separate and distinct things and ought not to be confounded, and especially not when the result is to bring about a conflict between the statute and the constitution.   If this distinction between business and liquidation be just, it can make no difference whether the acts in question are or are not local or special.

IV.   But the acts are neither local nor special within the meaning of the constitution.   They are not local, because their effect is not limited to any locality.   They lay down no rule which is circumscribed in its effect by the boundaries of the county.   Nor are they special when judged by the rules and tests usually applied.   There exists no presumption or evidence that any other county was similarly situated with Esmeralda or in a condition requiring or warranting the passage of such acts in its behalf.   They therefore were as broad as the occasion and as much general laws as though applied to other counties then standing in need of it.   No special creditor or class of existing creditors was selected

Youngs *v.* Hall.

out and provided for, but all were equally affected. The acts, then, being made to apply to all presumptively similarly situated and to all existing liabilities, and being for the purpose of keeping the county government in motion, they are as general as the occasion required or the subject matter permitted, and therefore cannot be considered special. See *State* v. *Lean,* 9 Wis. 284–289, and authorities cited therein; *Clark* v. *City of Janesville,* 10 Wis. 176–183; *State* v. *Commissioners of Baltimore County,* 29 Maryland, 516.

By the Court, BELKNAP, J. :

This is an application for a peremptory writ of mandamus requiring the treasurer of Esmeralda County to pay certain warrants drawn by its auditor in the years 1865, 1866 and 1867, out of the general fund of the county. At the time of the allowance of the indebtedness evidenced by these warrants it was payable out of the general fund, but payment was not made for want of funds. Subsequent legislation created a "Redemption Fund" for Esmeralda County and directed that all moneys should thereafter be paid into it, which theretofore had been directed to be paid into the general fund. Certain county officers are authorized and required under specified conditions to invite and accept proposals for the surrender of outstanding warrants of indebtedness. Preference is directed to be given to the proposal that offers the largest amount of indebtedness for the least amount of money. Stats. 1867, 76; Stats. 1869, 58. The respondent justifies his refusal under these laws. The petitioner contends that they are exposed to constitutional objection; first, because they are special and local laws regulating county business, in violation of Art. 4, sec. 20 of the constitution; and, second, because they impair the obligation of contracts. The payment of the indebtedness of a county is a part of the business

15

of the county; and a law prescribing the manner in which that business shall be conducted is a regulation of its business.  Assuming then, that these laws regulate county business, we are to ascertain whether they are special or local laws within the meaning of the constitution of this State.

*First.*  Whatever definition may be given to the word "special" by lexicographers we must consider that it is employed in reference to statutes in the light of its received judicial construction.  At common law statutes were classified as public or general, and private or special.  1. Bl. Com. 86.  This was the principal classification of statutes, and the words "public or general" and "private or special" were used synonymously.  "A general or public act," says Blackstone, "is an universal rule that regards the whole community; and of this the courts of law are bound to take notice judicially and *ex officio* without the statute being particularly pleaded or formally set forth by the party who claims an advantage under it.  Special or private acts are rather exceptions than rules, being those which only operate upon particular persons and private concerns."  Book 1, 86.  Mr. Sedgwick in his work upon statutory and constitutional law (p. 30) thus speaks of the division of statutes:  "When we come to consider statutes not as to their origin, but with reference to their subject matter, we find the leading division to be into public or general and private or special. Public or general statutes are in England, those which relate to the kingdom at large.  In this country they are those which relate to or bind all within the jurisdiction of the law-making power, limited as that power may be in its territorial operation or by constitutional restraints.  Private or special statutes relate to certain individuals or particular classes of men."  In Smith's Commentaries on statutes (sec. 802) Blackstone's definition is adopted.  That of Dwarris is of like effect:  "Public acts relate to the public at large, and pri-

vate acts concern the particular interest or benefit of certain individuals, or of particular classes of men." Again, " a general or public act regards the whole community; special or private acts relate only to particular persons or to private concerns;" also, "general or public acts are to be noticed judicially without pleading, and special acts must be shown by pleading." Potter's Dwarris on Stats., pp. 53, 55. These illustrations from approved text writers we consider sufficient to establish the fact that "public or general" and "private or special" as applied to statutes are convertible terms. See *Clark* v. *City of Janesville*, 10 Wis. 136. In distinguishing statutes the earlier decided cases in this country generally employ the words "public and private," although "general and special" are frequently met with; and when the word special is used it is as much the antithesis of public as it is of general.

The question arose in New Hampshire whether a statute of that state regulating the mode of putting timber into the Connecticut river was a general law. The objection to the statute was that it did not embrace all rivers, but was confined to the Connecticut river. The court held that since the law extended to all persons it was a general law in relation to a particular place. *Scott* v. *Willson*, 3 N. H. 321. In *Heridia* v. *Ayres* the supreme judicial court of Massachusetts decided that an act regulating the pilotage of Boston harbor was a public act. The views of the court upon this point were thus expressed by Chief Justice Shaw: "The last objection is that the statute is a private act and ought to have been recited in the declaration. Without going minutely into this subject, which sometimes involves distinctions of much nicety and difficulty, there is one consideration which renders it decisive that this is a public act, which is, that the first section in terms imposes a penalty upon every person who shall violate its provisions. It is therefore binding upon every citizen of the commonwealth,

and upon every stranger who, coming within its jurisdiction, owes a temporary allegiance and is bound by its laws." 12 Pick. 334. In *Pierce* v. *Kimball*, 9 Greenl. 54, a statute forbidding the sale or purchase of lumber in Penobscot County not surveyed and marked in a particular manner was considered a public law. The court saw nothing in the act that was not intended as a public benefit, of which all of the citizens of the state as well as others might equally participate. In *Burnham* v. *Webster* the court was of opinion that a law regulating the taking of bass in Dunston river was a public law. Parsons, C. J., said: "It is obligatory on all the citizens, and they must notice it at their peril. We must, therefore, *ex officio*, take notice of it." 5 Mass. 265.

The constitution of Indiana provides that special laws shall not be passed "for the punishment of crimes and misdemeanors," etc., and "regulating the practice in courts of justice;" and by statute the courts of common pleas are invested with original jurisdiction of all misdemeanors. An act was passed regulating the liquor traffic, declaring any infraction of the law a misdemeanor, and conferring concurrent original jurisdiction upon the circuit courts of cases prosecuted for its violation. It was objected that the act was special and, therefore, unconstitutional, because it conferred jurisdiction upon both courts to try offenses under this act only, without giving the like jurisdiction as to all other misdemeanors. Said the court: "What is a special act? It is such as at common law the courts would not notice, unless it were pleaded and proved like any other fact. * * * * * The distinction between general and special statutes was well known to the common law, though sometimes a question of great nicety, and it is in accordance with a well established principle to assume that the constitution in using the terms intended them to be understood in the sense which was at that time recognized by the courts. Now we apprehend that it will be impossible anywhere, to find

a decision by any respectable court, to the effect that an act is required to be pleaded which confers jurisdiction for the punishment of a particular misdemeanor, in all cases, though the court thus empowered could not take cognizance of other misdemeanors." *Hingle* v. *The State*, 24 Ind. 28. Afterwards the same court resolved that an act of the legislature providing that judgments against railroad companies for stock killed should be enforced in a specified manner, different from .other judgments, was not a special act. *Toledo, Logansport & Burlington Railway Co.* v. *Nordyke*, 27 Ind. 95.

The question arose in Iowa whether a law was special which provided that " every railroad company shall be liable for all damages sustained by any person, including the employees of the company, in consequence of any neglect of the agents, or by any mismanagement of the engineer or other employees of the corporation, to any person sustaining such damage." It was contended that the law was special because it did not impose the same liability upon stage companies, the proprietors of steamboats and other common carriers; to which the court replied: "These laws are general and uniform, not because they operate upon every person in the state, for they do not, but because every person who is brought within the relation and circumstances provided for, is affected by the law." *McAnnich* v. *M. & M. Co.*, 20 Iowa, 343. In the case of the *U. S. Express Co.* v. *Ellyson*, 28 Iowa, 370, an act providing for the assessment of the property of express and telegraph companies in a particular manner was held to be a general law. Again, an act of the legislature establishing a court at the town of McGregor was adjudged a local but not a special act. *Town of McGregor* v. *Baylies*, 19 Iowa, 43. Under the Maryland constitution, prohibiting local and special legislation in certain cases, a law relating to roads in Baltimore County was declared to be a local but not a special law. The court considered that the special laws contemplated by the constitu-

tion were those that provide for individual cases. *Webster* v. *County Comms.*, 29 Md. 516.

It is objected that the redemption acts are special, since they provide for the indebtedness of one county only; but under the decided cases it appears that a law operative alike upon all persons similarly situated is a general law. The recent case in 19th Iowa and that in 29th Md. *supra,* decided under similar constitutional clauses, show that a law to be general need not be applicable to all counties in the state. The statutes before us are applicable to all persons sustaining the relation of creditors to Esmeralda County, and thus meet the requirements of general, as contradistinguished from special laws. And see *Clarke* v. *Irwin,* 5 Nev. 111.

*Second.* In expounding a constitutional provision such construction should be employed as will prevent any clause, sentence or word from being superfluous, void or insignificant. Smith's Com. Sec. 276. Applying this rule to a similar constitutional clause, the court of appeals of New York said: " We judge that they (the constitution framers) employed the word private as applicable to persons only; and the word local as applicable to territory only; but both as signifying a narrowing or restricting of purpose." 43 N. Y. 18. This language is as apposite to the words " special and local " in the Nevada constitution, as it is to the words " private and local " in the New York constitution. A law may be special and not local, or it may be local and not special. The adoption of this view is necessary to give full meaning and significance to the words special and local ; otherwise the terms become convertible, and the word local is unmeaning and useless in the constitution. The classification of statutes as local is of late origin and not mentioned by text writers, who designated laws restricted to particular localities as private or special. The subject, however, has been frequently discussed by the courts of New York under the following constitutional clause: " No private or local

bill which may be passed by the legislature shall embrace
more than one subject, and that shall be expressed in the
title." N. Y. Const., Art. 3, Sec. 16. Unaided by the books,
the courts resorted to the meaning with which the word
local was charged by the constitutional convention and the
definition given it by lexicographers. Burrill defines it as
follows: "Relating to place; belonging or confined to a
particular place; distinguished from general, personal or
transitory." Adopting this definition a statute relating to
the city of Rochester was declared a local act. In pro-
nouncing the decision the court said: "This act is purely
local in its application. It has no force beyond a particular
city or county, and is, therefore, confined to a particular
locality. It is not general and has no application except to
the common council of a particular city." *People* v. *Hill*, 35
N. Y. 449. And afterwards, an act amending the charter
of the city of New York, enabling the board of supervisors
to raise money by taxation, was adjudged a local law because
it had no force outside of the territory embraced in the cor-
poration, nor any possible effect upon property not within
the corporate limits, or upon any person not for the time
being within such limits. *People* v. *O'Brien*, 38 N. Y. 193.
The court of appeals of Maryland, after ascertaining the
special laws contemplated by their constitution, considered
that local laws were applicable to all persons, but distin-
guished from general laws because confined in their opera-
tion to certain prescribed or defined territorial limits. 29
Md. *supra*. See also *People* v. *Supervisors, etc.*, 43 N. Y. 10;
*Huber* v. *People*, 49 N. Y. 132.

The laws under consideration are not restricted by geo-
graphical lines; they have force without as well as within the
boundaries of Esmeralda County. They provide as much
for the relief of the creditors of the county as for the county
itself; and are as applicable to the creditor who resides else-
where in the State, or without it, as they are to the creditor

resident in Esmeralda County. They embrace and operate uniformly upon all persons holding a certain species of property, irrespective of locality. We cannot, therefore, consider them local laws. It is true that but one locality in the State can have the advantage of these particular laws. Their purpose is local, but a law having a local purpose is not necessarily a local law. Should the legislature appropriate funds of the State for a local improvement, as a bridge over a particular river, the law would be local in its purpose, but not a local law. This distinction is recognized in the constitution of the State of New York, which provides, in addition to art. 3, sec. 16, already quoted, that "the assent of two-thirds of the members of each branch of the legislature shall be requisite to every bill appropriating the public moneys or property for local or private purposes." Art. 1, Sec. 9.

*Third.* The remaining objection is that the redemption acts impair the obligation of contracts. The petitioner has not and never had any security for the performance of the county's contract, but the good faith of the State. The legislature has permitted suits to be brought against counties, but has not provided for the enforcement of executions. The only effect of a judgment is to convert a disputed into a liquidated demand, and the creditor must still rely upon the revenue for payment. It is within the legitimate power of the legislature to raise revenue by taxation and to designate the purpose to which the funds shall be applied. In the exercise of this authority the legislature has directed that moneys which would otherwise have been paid into the general fund shall go into the redemption fund, to be from thence disbursed in a specified manner. The revenue is controlled by the legislature. It cannot be coerced to enact revenue laws, and has power to repeal laws for its collection and thus defeat the payment of the creditors of the State or counties. The good faith of the State is the only reliance of

Youngs v. Hall.

its creditors. It should be added that the legislative control of the revenue does not extend to depriving the creditor of funds raised for the payment of his demand, to which he has a vested right. *Sharp* v. *Contra Costa County*, 34 Cal. 284; *Rose* v. *Estudillo*, 39 Cal. 270; *McCauley* v. *Brooks*, 16 Cal. 11.

The application for a mandamus is denied.


By HAWLEY, J., dissenting:


To my mind the acts creating a "Redemption Fund" for Esmeralda County are clearly within the prohibitions of sec. 20, art. IV., of the constitution, that "the legislature shall not pass * * special laws * * regulating county * * business." In examining the authorities, we find that public or general acts are those "which relate to or concern the interest of the public at large, or relate to a general *genus* in relation to things," while private or special acts are those which concern only a particular species, thing, or person, such as "acts relating to any particular place, or to divers particular towns, or to one or more particular counties." This is the general definition found in all authorities both in England and in the United States. *Holland's Case*, Coke's Rep. Vol. 2, Part IV. 76, p. 473; Smith's Comm. Secs. 795, 796; Sedgwick on Const. Law, p. 32; Potter's Dwarris on Stat. p. 53; *The People* v. *Supervisors of Chautauqua*, 43 N. Y. 17; *State of Mo. ex rel. Dome* v. *Wilcox*, 45 Mo. 465. See also reference to English cases in 9 Petersdorff's Ab. 191, note.

A distinction to this rule is sometimes made in certain cases where the laws in their operation are limited or local, but they are treated as public, because, although limited to a particular locality, yet "they affect the public at large when acting within that locality in reference to matters within the purview of the act." Smith's Comm. Sec. 797. Acting upon this principle, courts have usually declared as general, all acts relating to highways or navigable waters,

for these "are common to all the people of the state and concern them generally." 1 Caine's Cases in Error, 92. Acts which are passed to preserve the public health or protect the public peace in certain cities, especially where such acts impose penalties on all persons offending against them, have been held to be public statutes of which courts would take judicial notice. These and kindred laws are public in their nature and character, and their operations affect the whole community.

The laws under consideration are not, in my judgment, of like character. They are limited in their application to the County of Esmeralda and its individual creditors, and do not affect strangers or the public at large. They are special within the meaning of that word as used in the constitution, because the subject matter relates to one county and its individual creditors; to a portion of the people of the State and to their property, and do not either in their subject, operation or immediate and necessary results, affect the people of the State or their property in general. Nor do I think these acts come within that other class of cases that have been held to be general, because of uniform operation throughout the State and affecting all persons similarly situated alike. Under this distinction, laws which applied to all railroads without mentioning other corporations, have been upheld as general, because applying to all railroads in the State. But the laws regulating the indebtedness of Esmeralda County are not made applicable to other counties similarly situated. Nor to the creditors of other counties. Within the principle of this latter class of cases, the legislature might pass an act dividing the counties of the State into one or more classes, and a law would be general which conferred upon counties of one class certain rights, powers and privileges, not conferred upon counties of another class. But a law would be special which conferred upon one county special powers and privileges not conferred upon all counties

of the same class. If not so divided then the law to be general must apply to all counties in the State.

It will be observed that I do not differ so much with the general principles announced in the opinion of the Court as in the application of the law. Here it is that our paths diverge. I think the laws are special, because they are limited in their application, by the subject matter, to a particular county, and to particular individuals. The fact that these laws affect all the creditors of Esmeralda County may take from them their local character, but does not, in my opinion, avoid their being special. There is no discretion in regard to the passage of such laws. If special or local, they are inhibited by the strict letter of the constitution; and entertaining the opinion that the laws are special, I am compelled to dissent from the judgment of the Court.