[No. 1522.]

A. S. THOMPSON, APPELLANT, v. H. W. TURNER, AUDITOR
OF LINCOLN COUNTY, RESPONDENT.

STARE DECISIS. In this case, the court having passed upon the point involved in two other cases, the legislature having passed a number of acts of the same character, and it having been the recognized law of the state for a number of years, the question must be considered as settled.

CONSTITUTIONAL LAW—COUNTY DEBT. The act approved March 6, 1897 (Stats. 1897, p. 47), providing for the payment of the indebtedness of Lincoln county, is not in violation of the constitutional provision (Const. art. IV, sec. 20) against "special and local laws regulating county business."

APPEAL from the District Court of the State of Nevada, Lincoln county; *G. F. Talbot*, District Judge:

*Mandamus* by A. S. Thompson against H. W. Turner, Auditor of Lincoln county. Writ denied, and petitioner appeals. Affirmed.

The facts sufficiently appear in the opinion.

*T. J. Osborne* and *George S. Sawyer*, for Appellant.

*F. R. McNamee*, for Respondent.

By the Court, MASSEY, J.:

The appellant made application to the district court for a writ of *mandamus* against the respondent, as auditor of Lincoln county, to compel the issuance of warrants for the payment of certain certificates of indebtedness owned and held by the appellant, against the general fund in the treasury of said county. From a judgment in favor of the respondent, the appeal has been taken.

The refusal of the respondent to issue the warrants is based upon that certain act of the legislature making provision for the payment of the indebtedness of Lincoln county, approved March 6, 1897. (Stats. 1897, p. 47.)

The appellant contends that this act is unconstitutional, and the question presented by this contention is the only one to be determined. The same question was before this court in the case of *Youngs* v. *Hall*, 9 Nev. 212, in which a majority of the court held a similar act constitutional. While that case may have been criticised, and doubts may be entertained as to the correctness of the ruling, it has been the recognized law of the state for a number of years, and the legislature has since passed a number of acts similar in character.

This court, since the ruling in *Youngs* v. *Hall, supra*, held a similar act constitutional. (*Odd Fellows' Bank* v. *Quillen*, 11 Nev. 109.)

We must, therefore, consider the question as settled, and are unwilling to disturb the rule. This conclusion has been reached after a long and careful consideration of the very cogent reasons urged on behalf of appellant, and without expressing any opinion as to what the rule should be, if the question were new, the judgment will be affirmed.