[No. 1819]

THE STATE OF NEVADA, EX REL. THE HENDERSON BANKING COMPANY, A CORPORATION, RELATOR, *v.* EDWARD B. LYTTON, CHAIRMAN OF THE BOARD OF COUNTY COMMISSIONERS OF ELKO COUNTY, RESPONDENT.

1. STATUTES—LOCAL AND SPECIAL LAWS—COUNTY BONDS.
   The act of March 28, 1907, authorizing a particular county to issue bonds to build a court-house and a jail, is not unconstitutional under the Constitution (art. IV, sec. 20), which inhibits local or special laws regulating county business, nor under sections 21 and 25 requiring the county government system to be uniform, and all laws to be general and of uniform operation throughout the state, where general laws can be made applicable.

ORIGINAL PROCEEDING. *Mandamus* by the State of Nevada, on the relation of the Henderson Banking Company, against Edward B. Lytton, Chairman of the Board of County Commissioners of Elko County. **Writ dismissed.**

STATEMENT OF FACTS

Pursuant to the act approved March 28, 1907 (Stats. 1907, p. 335, c. 139), providing for the issuance of bonds in the sum of $100,000 for building a court-house and jail for Elko County, at the regular election in 1908 a majority of the electors voted in favor of the issuance of bonds in the amount named. On the 16th day of December the board of county commissioners ordered that the bonds be issued, and that notice be given to bidders that they would be sold on January 16, 1909. Bids were received on that day, and at an adjourned meeting on January 18th it was ordered that the bid of relator be accepted. On February 1, 1909, the board ratified all proceedings theretofore had in reference to their

issuance, and directed that one hundred bonds of the denomination of $1,000 each, bearing 6 per cent interest per annum, dated February 1, 1909, be issued to relator. At the same meeting the board approved and adopted a form of bond with necessary interest coupons, and ordered that the chairman of the board, who is respondent here, sign each of the bonds, and that they be countersigned by the county treasurer and attested by the county clerk, and that, when properly executed, they be delivered to relator upon its payment to the county treasurer of the sum of $104,280 and accrued interest to the date of delivery. Thereafter relator presented to the respondent, as chairman of the board of county commissioners, and to the county treasurer and county clerk, unexecuted bonds in the form previously approved by the board, and tendered to these officers the above-named sum, with accrued interest, and requested respondent, the county treasurer, and county clerk to execute the bonds and receive the money. Respondent refused to comply with the request or to execute the bonds, on the sole ground that the statute is repugnant to the Constitution because it provides for the issuance of bonds for building a court-house and jail in Elko County only, and is not applicable to other counties. Relator asks for a writ of mandate commanding respondent, as chairman of the board of county commissioners, to execute and tender the bonds to the relator.

*Henderson, Lewers & Caine*, for Relator.

*E. J. L. Taber*, for Respondent.

By the Court, TALBOT, J. (after stating the facts):

The only question presented is whether the act providing for the issuance of bonds for building a new court-house and jail in Elko County, and which is not applicable to other counties, is in contravention of section 20, article IV, of the State Constitution, which prohibits the legislature from passing local or special laws regulating county and township business, or is inimical to sections 21 and 25 of the same article, requiring that the system of county and township government shall be uniform, and that in all cases where a general law

can be made applicable, all laws shall be general and of uniform operation throughout the state. Ever since the organization of our commonwealth it has been usual for the legislature to pass laws relating to particular counties providing for the issuance of bonds in such varying amounts as the exigencies and conditions required for the erection of court-houses and other purposes. Many of these have been enacted since this court held that such legislation was constitutional and valid. At the last regular session of the legislature acts were passed for the issuance of bonds for new court-houses in three specified counties of the state, and fifteen other acts provide for the issuance of bonds for schoolhouses, and other purposes, in different localities. The most of the indebtedness of the various counties, cities, towns, and districts of the state, and much of which is of long standing, rests upon enactments specially authorizing the issuance of bonds in such instances. The validity of these acts has been considered so extensively, and sustained so often, by this court and the Supreme Court of the United States, that we must consider the matter settled in favor of their constitutionality. (*State ex rel. Clarke* v. *Irwin*, 5 Nev. 111; *Youngs* v. *Hall*, 9 Nev. 212; *Thompson* v. *Turner*, 24 Nev. 292; *Lincoln County* v. *Luning*, 133 U. S. 532, 10 Sup. Ct. 363, 33 L. Ed. 766, following *Odd Fellows Bank* v. *Quillen*, 11 Nev. 109.)

Let a writ of mandate issue commanding respondent, as chairman of the board of county commissioners of Elko County, to sign, execute, and tender the bonds to relator upon proper payment being made therefor.