[No. 2513]

## J. HOLMAN BUCK, PETITIONER, *v.* HENRY BOERLIN, B. F. BAKER, AND J. H. WICHMAN, AS MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS OF MINERAL COUNTY, NEVADA, RESPONDENTS.

[198 Pac. 556]

1. STATUTES — ACT AUTHORIZING COUNTY TO ISSUE BONDS TO PURCHASE, EXTEND, AND EQUIP A POWER AND TELEPHONE LINE HELD NOT UNCONSTITUTIONAL.

Stats. 1920–21, c. 45, providing for issuance of bonds by Mineral County for the purchase of a power and telephone line and for extension and equipment thereof, is not in violation of Const. art. 4, sec. 20, providing that the legislature shall not pass local or special laws regulating county business, and sections 21 and 25, requiring that the system of county and township government shall be uniform, and that in all cases where a general law can be made applicable all laws shall be general and uniform, so that the board of county commissioners cannot be prohibited from proceeding under such act.

ORIGINAL PROCEEDING in prohibition by J. Holman Buck against Henry Boerlin and others, as members of the Board of County Commissioners of Mineral County, Nevada. **Proceedings dismissed.**

*Ryland G. Taylor,* for Petitioner:

The act of the legislature of 1921 (Stats. 1921, c. 45), authorizing Mineral County to issue bonds for the construction of an electrical power and telephone line, is unconstitutional, being violative of the provisions of the constitution which declare that there shall be a uniform system of county and township government, that local or special laws regulating county and township business shall not be passed, and that "all laws shall be

general and of uniform operation throughout the state."
Const. Nev., art. 4, secs. 20, 21, 25.

*J. H. White,* District Attorney (*Hugh H. Brown* and
*Walter Rowson,* of counsel), for Respondents:

Under the constitution, the legislature, commencing
with its first session, by means of special and local acts,
has passed a multitude of bills relating to individual
counties, covering a very wide range of subjects,
although there is no specific authority contained in the
constitution for so doing. Where the validity of such
statutes has been questioned, their constitutionality has
been upheld by this court. Gibson v. Mason, 5 Nev. 284;
State v. Irwin, 5 Nev. 111, Evans v. Job, 8 Nev. 322;
Hess v. Pegg, 7 Nev. 22; Pershing Co. v. Humboldt Co.,
43 Nev. 78.

The legislature is negatively authorized to pass special
laws relating to corporations for municipal purposes.
It exercised such power in the creation of Mineral
County, and in the passage of the act in question.
Const. Nev., art. 8, sec. 1.

The act declares its purpose to be the operation of a
public utility. This is a beneficial use, for the public
benefit. Dayton S. M. Co. v. Seawell, 11 Nev. 398;
Daggett v. Colgan, 14 L. R. A. 77; Cooley, Const. Lim.
154; People v. Salem, 20 Mich. 452.

While the statute may be special and local, it in no
way conflicts with the constitutional provisions cited by
petitioner. It provides for a public utility, which is in
no wise connected with a scheme of county government,
as that term is ordinarily understood. Hess v. Pegg, 7
Nev. 22; Board v. State, 69 N. E. 442.

All presumptions are in favor of the validity of an act
of the legislature. The courts will declare them uncon-
stitutional only in cases of clear and unquestioned viola-
tion of the fundamental law. State v. Board, 21 Nev.
235; State v. Brodigan, 37 Nev. 492; V. L. & S. Co. v.
District Court, 42 Nev. 1; Sharpless v. Phila., 21 Pa. 47;
Speer v. Blairsville, 50 Pa. 150.

Courts will not declare an act void on the ground that it is contrary to the spirit and policy of the constitution, unless it is at variance with an express or clearly implied provision therein. State v. Atherton, 19 Nev. 335. A statute should, if it reasonably can, be so construed as to avoid any conflict with the constitution. State v. Woodbury, 17 Nev. 356.

The legislature has authority to pass any act, either general or special, not expressly inhibited by the letter or the clear implication of the organic law. Dayton M. Co. v. Seawell, 11 Nev. 398; State v. Atherton, supra; State v. Arrington, 18 Nev. 412; Ritter v. Douglass, 32 Nev. 413.

By the Court, Coleman, J.:

Pursuant to the act approved March 4, 1921 (Stats. 1920–21, p. 80) providing for the issuance of bonds by Mineral County in the amount of $150,000 for the purchase of a power and telephone line, and for the extension and equipment thereof, the board of county commissioners of that county, at a regular meeting, duly authorized the issuance and sale of bonds for the purpose designated in the act mentioned. This is an original proceeding in prohibition to restrain said board from consummating the purchase and extension of said lines upon the ground that the board is without jurisdiction to authorize the issuance and sale of said bonds, for the reason that the said act is unconstitutional, null, and void. It is contended that the act is violative of article 4, section 20, of our constitution, which provides that the legislature shall not pass local or special laws regulating county business, and of sections 21 and 25 of the same article, requiring that the system of county and township government shall be uniform, and that in all cases when a general law can be made applicable all laws shall be general and of uniform operation throughout the state.

It is not urged that the purpose sought to be accomplished by the act is not a public one. We think there

is no merit in either of the views urged upon us. In fact, it is well settled in this state to the contrary. In State v. Lytton, 31 Nev. 67, 99 Pac. 855, substantially the same questions were disposed of, the court there holding that an act of a similar character was not violative of either of the sections mentioned. The only difference between that case and the one at bar is that the act there in question authorized the sale of bonds for the building of a new courthouse and jail, while in this case the act authorizes the sale of bonds for the raising of money for the acquiring, extending, and equipping of power and telephone lines. In both cases the act authorizes the sale of bonds for a public purpose.

The legislature has, during the last few years, authorized several counties to sell bonds for the improvement of highways and other public purposes. If the act in question is void, no good reason can be urged why other acts authorizing the sale by a county of bonds for a public purpose should not be void. This court, in the case mentioned, and previous ones, has settled the questions before us, and the welfare of the state demands that they be deemed settled for all time, whether settled right or wrong.

For the reasons given, we are of the opinion that there is no merit in either of the points urged upon us, and it is ordered that this proceeding be, and the same is hereby, dismissed.